```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

BRANDI TRUSTY,

               Plaintiff,

vs.                                   Case No. 11-4012-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

               Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On August 5, 2009, administrative law judge (ALJ) William G. Horne issued his decision (R. at 12-19). Plaintiff alleges that she has been disabled since December 23, 2006 (R. at 12). Plaintiff is insured for disability insurance benefits through December 31, 2007 (R. at 12). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset date (R. at 13). At step two, the ALJ found that plaintiff had the following severe impairments: disorders of

4

the back with negative x-rays, status post right hip and ankle fractures at age 11 resulting in only mild and minor abnormalities, affective mood disorder and obesity (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13-14). After determining plaintiff's RFC (R. at 16), the ALJ found at step four that plaintiff has no past relevant work (R. at 17). In the alternative, at step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 17). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 17-18).

**III. Did the ALJ and/or the Appeals Council err in their consideration of the opinions of Dr. Mohiuddin?**

The hearing in this case was held on July 15, 2009 (R. at 20). Following the hearing, the record reflects that on July 20, 2009 a mental residual functional capacity (RFC) form, dated July 10, 2009, was filed in the case, which reflected the opinions of Dr. Mohiuddin (R. at 522-525). The ALJ issued his decision on August 5, 2009 (R. at 19). However, the ALJ never mentioned in his decision the opinions of Dr. Mohiuddin.[1]

---

[1] Dr. Mohiuddin found that plaintiff had the following moderate impairments:

8. The ability to sustain an ordinary routine without special supervision.

9. The ability to work in coordination with others or proximity

5

An ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. The ALJ "will" evaluate every medical opinion that they receive, and will consider a number of factors in deciding the weight to give to any medical opinion. 20 C.F.R. § 404.1527(d). For these reasons, it is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4,

---

to others without being distracted by them.

11. The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

12. The ability to interact appropriately with the general public.

20. The ability to set realistic goals or make plans independently of others.

Dr. Mohiuddin also found that plaintiff had the following marked impairments:

5. The ability to carry out detailed instructions.

6. The ability to maintain attention and concentration for extended periods.

7. The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (R. at 523-524).

2005).

If, as it appears from the record, the opinions of Dr. Mohiuddin were provided to the ALJ prior to his decision, the ALJ clearly erred by failing to consider his opinions.  However, the record also indicates that the Appeals Council stated that it added to the record additional evidence, including the assessment by Dr. Mohiuddin (R. at 5).  In their decision denying plaintiff's request for review, the Appeals Council stated the following:

> The new evidence submitted does not change the Administrative Law Judge's findings and conclusions during the period at issue...Further, as it relates to the Mental Residual Functional Capacity Assessment from Valeo Behavior Health, it does not appear to be supported as the most current treatment records in file from this provider consistently note normal objective findings from February 2, 2009 through May 12, 2009.

(R. at 2).  Because the opinions of Dr. Mohiuddin are clearly part of the record, they will be considered by the district court in its review of the Commissioner's decision.  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).  Furthermore, the court will examine both the ALJ's decision and the additional findings of the Appeals Council.  This is not to dispute that the ALJ's decision is the Commissioner's final decision, but rather to recognize that the Commissioner's "final decision" includes the Appeals Council's conclusion that the ALJ's findings remained

correct despite the new evidence.  <u>Geubelle v. Barnhart</u>, Case No. 09-1297-WEB (D. Kan. Sept. 29, 2003; Doc. 22 at 4-5); <u>see</u> <u>O'Dell</u>, 44 F.3d at 859.

The one reason provided by the Appeals Council for finding that the assessment by Dr. Mohiuddin does not provide a basis for changing the ALJ's findings is that the treatment notes from February through May 2009 "consistently note normal objective findings" (R. at 2).  The medical records include five progress notes dated February 2, 2009, March 2, 2009, April 2, 2009, April 14, 2009, and May 12, 2009 (R. at 483-486, 513-518).  Each of those progress notes include a number of objective findings.  Those findings are set forth below:

| Area | Assessment |
|---|---|
| Appearance | Over weight |
| Cognition | Oriented |
| Affect/Mood | Euthymic |
| Speech | Clear |
| Thought | Organized |
| Perception | Normal |
| Movement | Unremarkable |
| Sleep | Fair (1x) Good (4x) |
| Appetite | Good |
| Energy | Good |
| Libido | Fair/good |
| Insight | Fair |
| Judgment | Fair |
| Current Risk to Self/others | None |

(R. at 483-486, 513-518).

The question before the court is whether the Appeals Council's rejection of Dr. Mohiuddin's report is supported by substantial evidence in the record. <u>Harrold v. Astrue</u>, 2008 WL 4866624 at *3 (10th Cir. Nov. 12, 2008). First, although the Appeals Council found that the five treatment notes showed "consistently" normal objective findings (R. at 2), not all of the findings were normal or good. All five treatment notes found that plaintiff's insight and judgment were only "fair" (R. at 483-486, 513-518). The fact that the treatment records show only fair insight and judgment should have been considered in light of the opinion of Dr. Mohiuddin that plaintiff had a number of moderate and marked limitations. The Appeals Council mischaracterized the five treatment notes by indicating that they showed consistently normal findings.

Second, the ALJ made mental RFC findings that plaintiff:

> ...can only perform simple, repetitive tasks in a low stress environment, and can only tolerate minimal interaction with the public and co-workers.

(R. at 16). As noted by the plaintiff in her brief (Doc. 10 at 12), according to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." However, the ALJ did not cite to any evidence to support his finding that plaintiff had only these mental

9

limitations, but not others.

The only medical opinion evidence pertaining to plaintiff's mental limitations, other than that of Dr. Mohiuddin, was a mental RFC assessment from Dr. Stern (R. at 347-363). The ALJ did not mention the assessment by Dr. Stern in his opinion. Dr. Stern found that plaintiff only had the capacity to work in jobs that require infrequent interaction with coworkers and the general public (R. at 363). These limitations were included in the ALJ's RFC findings. However, the ALJ also found that plaintiff can only perform simple, repetitive tasks in a low stress environment; this limitation was not mentioned in Dr. Stern's report, and the ALJ failed to provide any basis for including this additional limitation.

Limiting plaintiff to simple work is consistent with Dr. Mohiuddin's opinion that plaintiff is markedly limited in carrying out detailed instructions. Thus, without explanation, the ALJ included in his RFC findings at least one limitation consistent with the opinions of Dr. Mohiuddin; however the ALJ failed to include many other limitations set forth by Dr. Mohiuddin. Given the ALJ's failure to indicate what weight, if any, he gave to either the opinions of Dr. Stern or Dr. Mohiuddin, the court cannot determine what evidence in the record supported his mental RFC findings. The court cannot determine if the ALJ considered Dr. Mohiuddin's opinions, and, if so, why he

appeared to include at least one of his limitations, but not others. When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See <u>Southern v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. <u>Slicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. <u>Cruse v. U.S. Dept. of Health & Human Services</u>, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

Because of the failure of the ALJ to discuss the opinions of Dr. Mohiuddin or Dr. Stern, the mischaracterization by the

Appeals Council regarding the treatment notes of Dr. Mohiuddin, and the failure of the ALJ to explain the basis for his RFC findings, or indicate what weight, if any, he gave to either Dr. Stern or Dr. Mohiuddin, the court finds that the Appeals Council's rejection of Dr. Mohiuddin's opinions is not supported by substantial evidence in the record.  Therefore, this case shall be remanded in order for the ALJ to make new RFC findings after giving consideration to all the evidence, including the opinions of Dr. Mohiuddin.[2]

**IV.  Other issues raised by the plaintiff**

Plaintiff has also raised other issues pertaining to the precision with which limitations were related to the vocational expert (VE) and whether there were any conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT).  The court will not reach these issues because they may be affected by the ALJ's resolution of the case on remand after giving further consideration to the medical opinion evidence, as set forth above.  See <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1085 (10th Cir. 2004).[3]

---

[2] In their brief, the defendant argued that Dr. Mohiuddin was not a treating source (Doc. 11 at 11).  That argument was not raised by the Appeals Council, and therefore will not be considered by the court.  On remand, the ALJ can make that determination, and decide what relative weight should be accorded to his opinions.

[3] The court will note that plaintiff is correct that SSR 96-9p states that the RFC assessment must be specific as to the

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 22nd day of November 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

frequency of the individual's need to alternate sitting and standing. 1996 WL 374185 at *7. Although the ALJ's RFC findings only mentioned a sit/stand option (R. at 16), in the ALJ's hypothetical question to the VE, he stated that plaintiff must be able to sit/stand "at will" (R. at 88). The "at will" limitation clearly provides the requisite specificity. Forbes v. Barnhart, 2006 WL 4050969 at *8 n.3, Case No. 05-1284-MLB (D. Kan. May 25, 2006; Doc. 10 at 20-21 n.3).

13